**COMMODITY SERVICE CORPORA-TION, Plaintiff-Appellant,**

**v.**

**HAMBURG–AMERICAN LINE, Defendant-Appellee.**

No. 200, Docket 28993.

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1965.

Decided Dec. 29, 1965.

Francis X. Nestor, New York City, for appellant.

David I. Gilchrist, New York City (Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for appellee.

Before WATERMAN, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Commodity Service Corporation, as assignee of five German importers to whom it sold perishable pork products known as "fatbacks," sued the appellee, Hamburg-American Line, owner of the S.S. Grunewald, for damages sustained to five lots of "fatbacks" on an ocean voyage from New York to Bremen, Germany, in June 1952.

The shipper, since it has superior access to information as to the condition of goods when delivered to the carrier, has the burden of proving good condition at the time of delivery. See Hecht, Levis & Kahn, Inc. v. The S.S. President Buchanan, 236 F.2d 627, 631 (2d Cir. 1956); The Niel Maersk, 91 F.2d 932, 934–935 (2d Cir.), cert. denied, 302 U.S. 753, 58 S.Ct. 281, 82 L.Ed. 582 (1937). The district judge found that appellant failed to sustain that burden. Neither the certification of the "fatbacks" by the Department of Agriculture nor the recitation in appellee's bill of lading establishes the good order of the cargo, since both refer only to the external condition of the cargo and do not reveal the possibility of inherent defects. See Hecht, Levis & Kahn, Inc. v. The S.S. President Buchanan, 236 F.2d 627, 631 (2d Cir. 1956).

On this record, we cannot say that the trial court's findings were clearly erroneous.

Affirmed.